ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRED MARTIN MOTOR CO., et al., | ) | CASE NO.  5:07CV2475 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| LML TECHNOLOGIES, INC., et al., | ) | <u>AND ORDER</u> |
| | ) | [RESOLVING DOC. 7] |
| Defendants. | ) | |

This action is before the Court upon plaintiffs' Motion for Remand (Doc. 7) and request for costs and attorney fees pursuant to 28 U.S.C. § 1447(c). The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 11), and reply memorandum (Doc. 12). The Court has also considered the oral statements of counsel offered during the Case Management Conference held on February 27, 2008. For the reasons set forth below, the Motion for Remand is GRANTED.

On January 24, 2005, plaintiffs Fred Martin Motor Co., Fred Martin Dodge-Suzuki, Inc., Fred Martin Chevrolet, Inc., and Fred Martin Nissan, LLC filed a complaint in the Summit County, Ohio Court of Common Pleas, being Case No. CV-2005-01-0504. LML Technologies ("LML"), Mark Simmons, Karen Dillon, and Leaf Financial were named as defendants in this action asserting causes of action arising out of certain software agreements between the plaintiffs and LML. Over two years later, the plaintiffs filed an Amended Complaint that named Mark Simmons Trust Created Under the Mark Simmons Declaration of Trust Dated October 22, 2002 as a new party defendant.

The Trust, "an improperly named party herein," removed this case to this Court on August 15, 2007, on the basis of diversity of citizenship jurisdiction.  The Notice of Removal (Doc. 1), however, omitted the name of the trustee of the Trust that was improperly named as a defendant.  It is now undisputed that Mr. Simmons is the trustee.

Plaintiffs contend that because Mr. Simmons had already waived his right to remove this matter in 2005, he cannot now attempt to remove the matter in his representative capacity for the Trust.  Defendants argue to the contrary that the Trust should not be found to have waived its right to removal in the instant case just because Mr. Simmons was sued in his individual capacity in the original Complaint.  According to the defendants, even though Mr. Simmons was previously sued in his individual capacity in the action, the Trust should be treated as a separate and distinct party for the purposes of removal.

It is hornbook law, however, that in Ohio the trustee is the legal owner of the trust res. 91 O Jur 3d Trusts § 299 (2008).  Moreover, the trustee is the proper party defendant in a suit involving a trust.  A trust generally is not recognized as a separate legal entity with the capacity to be sued in its own name.  *Coverdell v. Mid-South Farm Equipment Ass'n*, 335 F.2d 9, 12-13 (6th Cir. 1964).  The trustee, as the owner of the legal title of the trust property, is generally the real party in interest with the power to defend actions in the name of the trust pursuant to Fed. R. Civ. P. 17(b).  *See id.* at 13; *Allegis Group, Inc. Contractors Health Plan Trust v. Connecticut Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at *2 (D. Md. June 10, 2004).  As such, the Trust was never a separate and distinct party entitled to exercise an independent right to removal. Therefore, it is appropriate for this Court to remand the case to the Summit County Common Pleas Court.

2

In addition to moving the Court to remand the case to the Summit County Court of Common Pleas, the plaintiffs request an award of costs and attorney fees incurred in bringing the motion for remand.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees."  Section 1447(c) assigns the district court the discretion whether to award costs and attorney fees.  *See Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 258 (6th Cir. 1997).

Plaintiffs' request for costs and attorney fees is set for hearing on <u>April 23, 2008, at 1:00 p.m.</u>[1]

IT IS SO ORDERED.


 March 19, 2008                                   /s/ John R. Adams
Date                                             John R. Adams
                                                 U.S. District Judge

---

[1]The Court retains jurisdiction to decide such issues as fees and costs under 28 U.S.C. § 1447(c) after a remand order is entered.  *See Stallworth*, 105 F.3d at 255-57.

3